```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF KANSAS


JIM DEHOFF,                      )
                                 )
                    Plaintiff,   )    CIVIL ACTION
                                 )
v.                               )    No.  11-1052-MLB
                                 )
KANSAS AFL-CIO EMPLOYEE          )
BENEFIT PLAN AND TRUST,          )
                                 )
                    Defendant.   )
                                 )
```

## MEMORANDUM AND ORDER

Following submission of the proposed pretrial order, the Court requested the parties to brief the issues of standing and subject matter jurisdiction. The parties have submitted their briefs and the issue is ripe for review.

I. History of the Case

Plaintiff filed a complaint against the Kansas AFL-CIO Employee Benefit Plan and Trust alleging an improper reduction in pension plan benefits in violation of the anti-cutback rule. The Plan filed counterclaims, alleging a breach of fiduciary duty, prohibited transactions, and equitable reformation. Plaintiff moved to dismiss the counterclaims on the basis of the statute of limitations. The Court disagreed and denied the motion (Doc. 21). The parties then completed discovery. At the pretrial conference, plaintiff argued that the Plan lacked standing to bring the counterclaims and that the court lacked subject matter jurisdiction to hear the counterclaims.

II. Discussion

To establish statutory standing under ERISA, a claimant must

comply with 29 U.S.C. § 1132(a)(2), which provides that only a participant, beneficiary, fiduciary, or the Secretary of Labor has standing to pursue an ERISA claim.  The applicable section states:

> (a) Persons empowered to bring a civil action
>     A civil action may be brought -
>     (1) by a participant or beneficiary -
>         (A) for the relief provided for in subsection (c) of this section, or
>         (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>     (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under Section 1109 of this title;
>     (3) by a participant, beneficiary, or fiduciary
>         (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or
>         (B) to obtain other appropriate equitable relief
>         (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
>     (4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title.

11 U.S.C. § 1132.

Plaintiff asserts that although the Plan states in pleadings that it is "acting through the plan administrator," the Plan never added the Plan Administrator as a party.  Therefore, argues plaintiff, the Plan does not have standing as it is not one of the aforenoted entities.

The Plan responds that in 2007 the Plan was amended and it designated itself as the Plan Administrator.  The Plan provides no evidence of the amendment, not to mention its specific terms

presumably set out in the plan.  29 U.S.C. §1002(16)(A).[1]  On the other hand, plaintiff does not deny it happened.  The Plan, in recognition of both a plan[2] and a plan administrator's lack of statutory standing, contends that it is a fiduciary under ERISA and therefore entitled to bring the counterclaims.

ERISA defines a fiduciary as:

> A person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets; (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

"ERISA designates as fiduciaries not only those persons expressly named by a plan, see ERISA, § 402(a), 29 U.S.C. § 1102(a), but also those persons who exercise control over the management and administration of the plan and the distribution of its assets, see ERISA, § 2(21)(A), 29 U.S.C. § 1002(21)(A)."  Reich v. Stangl, 73 F.3d 1027, 1029 (10th Cir. 1996).  "ERISA imposes a general fiduciary duty on plan administrators."  Winkel v. Kennecott Holdings Corp., 3 Fed.Appx. 697, 702 (10th Cir. 2001); 29 U.S.C. § 1104.  The fiduciary

---

[1] ERISA defines an administrator as:
(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

[2] Via Christi Reg'l Med. Ctr., Inc. v. Blue Cross and Blue Shield of Kansas, Inc., 361 F. Supp. 2d 1280 (D. Kan. 2005).

duty extends to the beneficiaries and participants of the plan, <u>Horn v. Cendant Operations, Inc.</u>, 69 Fed.Appx. 421, 427 (10th Cir. 2003), as well as to the management and control over the plan. <u>In re Luna</u>, 406 F.3d 1192, 1201 (10th Cir. 2005). An ERISA plan administrator has a fiduciary duty to act "solely in the interest of the participants and beneficiaries" in administering the plan. 29 U.S.C. § 1104(a)(1)(A).

III. <u>Conclusion</u>

The Plan has standing to bring ERISA counterclaims because the Plan is the designated plan administrator and, as a fiduciary, qualifies as one of the enumerated entities under 29 U.S.C. 1132(a)(2). The Court has jurisdiction over ERISA counterclaims by a fiduciary. Therefore, it would seem unnecessary to add the plan administrator as a party, although it wouldn't hurt, either. As to any further discovery, plaintiff does not specify what he will require, if any. If the parties can agree on additional discovery, their agreement can be set out in the pretrial order. If no agreement can be reached, counsel should contact the Court which will schedule a conference.

The parties are to submit a final pretrial order by July 27, 2012.

IT IS SO ORDERED.

Dated this <u>11th</u> day of July 2012, at Wichita, Kansas.

                                              s/ Monti Belot
                                              Monti L. Belot
                                              UNITED STATES DISTRICT JUDGE