IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| JIM DEHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  11-1052-MLB |
| | ) | |
| KANSAS AFL-CIO EMPLOYEE BENEFIT | ) | |
| PLAN AND TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Reconsideration (Doc. 48). The motion argues the court's Memorandum and Order of July 12, 2012 (Doc. 47) was based on a factual error. The order concluded defendant has standing to assert ERISA counterclaims because it was designated as the Plan Administrator. (Doc. 47 at 2). Plaintiff's motion argues — and defendant's response concedes – the Kansas AFL-CIO rather than the Kansas AFL-CIO Employee Benefit Plan and Trust[1] was designated as the Plan Administrator. (Doc. 48 at 2-3; Doc. 51 at 1). Under the circumstances, the court agrees plaintiff has shown grounds for reconsideration of the prior Memorandum and Order. See Comeau v. Rupp, 810 F.Supp. 1172, 1175 (D. Kan. 1992) (motion to reconsider appropriate where court misapprehended the facts); D.Kan.R. 7.3(b) (same).

After reconsidering the circumstances and arguments relating to the standing issue, the court concludes defendant's request for leave

---

[1] Defendant contends the correct name of the plan is actually the "Kansas AFL-CIO Employees' Pension Plan and Trust." Doc. 51 at 1.

to add or substitute the Kansas AFL-CIO as the party asserting the counterclaims against plaintiff should be granted. (Doc. 45 at 5).

A scheduling order may be modified only for good cause. Fed.R.Civ.P. 16(b)(4). The court finds good cause for this modification. Although plaintiff emphasizes defendant's request to add this party came well after the scheduling order deadline, defendant has adequately explained the delay given the late date at which the Plan's standing was first brought into question. Cf. Layne Christensen Co. v. Bro-Tech Corp., 2011 WL 3847076 (D. Kan., Aug. 29, 2011) (whether a party has established good cause to modify a deadline lies within the court's discretion). The court notes plaintiff's reply to the counterclaims did not raise the standing issue. See Doc. 25. Nor did plaintiff's motion to dismiss. (Docs. 8, 9). This is hardly surprising given what amounts to a formalistic distinction between a claim by the Plan and a claim by the Plan Administrator on behalf of the Plan. While case law in this district supports the view that the Administrator and not the Plan has standing to assert these kinds of claims, the distinction is one more of form than substance. Compare Via Christi Reg. Med. Center, Inc. v. Blue Cross & Blue Shield of Kansas, 361 F.Supp.2d 1280 (D. Kan. 2005) (finding plan itself was without standing to assert claim) with Saramar Alum. Co. v. Pension Plan for Employees of Alum. Indus. & Allied Indus. of Youngstown, 782 F.2d 577, 581 (6th Cir. 1986) ("The Plan, as the party before the court, necessarily includes those who must act for the plan to administer it....").

The court finds the interests of justice warrant granting leave to add or substitute the Kansas AFL-CIO, as Plan Administrator, as a

party to the counterclaims. The court sees no unfair surprise particularly since defendant's answer and counterclaims clearly alleged the Plan was acting through the Plan Administrator. No evidence of bad faith on defendant's part is cited. Nor has plaintiff suggested any unfair prejudice from this change.

Accordingly, plaintiff's motion to reconsider (Doc. 48) is GRANTED. The court's Memorandum and Order of July 12, 2012 (Doc. 47) is VACATED. Defendant is granted 20 days' leave to add or substitute the Kansas AFL-CIO as a party to the counterclaims. The parties shall confer as to any additional discovery required by the addition.

The parties are to submit a revised final pretrial order by September 21, 2012.

IT IS SO ORDERED.

Dated this 23rd day of August 2012, at Wichita, Kansas.

s/Monti Belot

Monti L. Belot

UNITED STATES DISTRICT JUDGE