**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

```
JIM DEHOFF,                      )
                                 )
                Plaintiff,       )
v.                               )   No.  11-1052-MLB
                                 )
KANSAS AFL-CIO BENEFIT PLAN      )
AND TRUST,                       )
                                 )
and                              )
                                 )
KANSAS AFL-CIO ASSOCIATION,      )
                                 )
                Defendants.      )
                                 )
```

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendants' motion for order permitting offset (Docs. 90 and 91);

2. Plaintiff's response (Doc. 92); and

3. Defendants' reply (Doc. 93).

Background

The parties are familiar with the history of this protracted case. Following a trial to the court, a lengthy Memorandum Decision was filed on August 28, 2013 (Doc. 73). Among other findings, the court found that plaintiff breached his fiduciary duty under ERISA by failing to administer defendants' Employee Benefit Plan and Trust in accordance with its terms and by failing to discharge his duties with the care, skill, prudence and diligence that a prudent man would use in like circumstances. The court also found that plaintiff intentionally concealed his actions from defendants' board. The court cited 29 U.S.C. § 1109(a), which provides that a fiduciary who breaches any of the responsibilities imposed on him by ERISA "shall

be personally liable to make good to such plan any losses to the plan resulting from such breach . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate...." The court concluded that defendants were entitled to recover from plaintiff $40,067 due to plaintiff's breach of fiduciary duties and engagement in prohibited transactions. At the same time, the court found that defendants had reduced plaintiff's pension benefits in violation of ERISA's anti-cutback rule, although the court was unable to calculate the exact benefits owing on the evidence before it.

Thereafter, pursuant to the court's direction, the parties filed a joint statement regarding the amount of benefits owed to plaintiff (Doc. 74) and on October 2, 2013, the court entered judgment in favor of plaintiff regarding past pension underpayments and future benefit payments. The court also entered judgment for defendants on their counterclaim against plaintiff for $40,067 (Doc. 75). The court erroneously believed that the case was concluded by entry of judgment.

On November 12, 2013, plaintiff applied for a writ of execution, which defendants opposed (Docs. 76 and 81). In their response opposing the writ of execution, defendants requested that the court order an offset of their judgment against payments due plaintiff (Doc. 81). Defendants also filed a Fed. R. Civ. P. 60(b)(1) motion (Docs. 77 and 78) which pertained to percentages in the joint statement (Doc. 74). By Memorandum and Order filed December 9, 2013, the court denied defendants' motion for relief from judgment (Doc. 82). In doing so, the court again noted the judgment against plaintiff for $40,067 but, for reasons the court cannot now explain, it did not rule on defendants' request for an offset. The court signed a writ of

execution in favor of plaintiff on December 9, 2013 (Doc. 83). The court assumed, again erroneously, that the case was over.

On January 3, 2014, the attorney who had represented defendants throughout the case moved to withdraw (Doc. 84). A new attorney had not entered his or her appearance for defendants so, on January 6, 2014, the court issued an order granting defendants until January 17, 2014, to file a response to counsel's motion. The court noted that if defendants failed to file a response, counsel's motion would be granted. The order was sent to defendants at its address in Topeka. (Docs. 85 and 86). On January 21, 2014, when no response had been filed, the court entered an order granting defendants' counsel's motion to withdraw (Doc. 87). The next event was defendants' motion for an offset, supra, which was filed on April 8, 2014.

### Plaintiff's Arguments in Opposition to An Offset

Plaintiff's first point is that the judgment, although specifically providing for recovery by defendants against plaintiff of $40,067, "did not permit offset. The plaintiff chose not to appeal, in part because the judgment did not provide for offset against his pension." (Doc. 92 at 1 and 2). Plaintiff then states what he perceives to be the issue before the court: "Whether the Court, pursuant to an untimely motion, should amend its final judgment although the Court has already denied the Defendants' request to grant an order permitting offset?" Id. at 3. Plaintiff does not identify a specific order or other ruling which constitutes a denial. Instead, plaintiff simply notes that the court "did not grant" defendants' request for an offset (Doc. 92 at 2). As already noted, the court denied defendants' motion for relief from judgment (Doc. 82) but it

-3-

never ruled, one way or another, on defendants' request for an offset. This was an oversight by the court but under no circumstances can it rationally be construed to a denial.

Plaintiff's next point is that even though defendants never mention it, what defendants really want is relief under Fed. R. Civ. P. 59(e) or 60. He argues that Rule 59(e), which relates to motions to alter or amend a judgment, cannot be utilized because the motion is untimely. Plaintiff then shifts to Rule 60(b). He acknowledges that the 28-day time limit under Rule 59 is not applicable to Rule 60 but argues that defendants' motion was not filed within a "reasonable time." He notes that defendants do not allege fraud, misrepresentation, or misconduct on plaintiff's part. Finally, plaintiff argues that defendants cannot avail themselves of the Rule 60(b)(6) "catchall provision" because they have not shown "exceptional circumstances."

### Defendants' Arguments

The court sees no point in an extended discussion of Rule 60(b) for at least two reasons: (1) Rule 60(a) allows the court, sua sponte, to correct a "mistake arising from an oversight or omission . . . ." The judgment did not contain the word "offset" but clearly an offset is allowable under 29 U.S.C. § 1109(a) and should the court elect to do so, no valid reason appears to exist to prevent the judgment to be amended to include the word "offset," especially to correct the court's oversight or omission in failing to rule on defendants' request for an offset; and (2) defendants specifically state that they ". . . are not seeking to amend the judgment . . . ." (Doc. 93 at 1). Instead, they are relying on the provisions of 29 U.S.C. § 1056(d)(4)

to request an <u>order</u> providing for an offset.

There is no question that federal law permits an offset under the circumstances here. Plaintiff does not contend otherwise. Indeed, plaintiff's only response to defendants' request for an order is:

> Moreover, justice does not require an offset. Defendants have not shown that manifest injustice will occur if they are not entitled to their desired relief. In addition, the law provides the Defendants with other mechanisms to collect what they are due besides an offset under 29 U.S.C. 1056(d)(4). Furthermore, the granting of an offset would be unfair and prejudicial to the Plaintiff. Plaintiff depends on his pension to live and pay his bills, and the granting of an offset would be a huge financial hardship. In essence, defendants want to stop Plaintiff's pension for over a year. Plaintiff chose not to appeal, in part because the judgment did not provide for offset. Now, more than six months later, Defendants are at it again. Thus, for all the reasons stated above, Defendants' Motion must be denied.

(Doc. 92 at 8-9).

Plaintiff does not identify the "other collection mechanisms." Assuming they exist, plaintiff has provided neither argument or authority why defendants should be required to use them instead of an offset.

Plaintiff's argument about "fairness" is not persuasive. 29 U.S.C. § 1109(a) permits the court to fashion appropriate equitable or remedial relief in addition to the offset permitted by § 1056(d)(4). And § 1056(d)(4) was amended in 1997 for the specific purpose of allowing an offset of benefits against a judgment for breach of fiduciary duty. There is no reason to rehash the facts. Plaintiff brought this on himself and has no standing to oppose defendants' motion on grounds of financial hardship.

## Conclusion

The court grants defendants' motion for an offset (Docs. 90 and

-5-

91). The parties will have until May 2, 2014, to discuss and, if possible, to agree on a schedule of offset payments. If no agreement can reached, plaintiff is ordered to submit a financial statement no later than May 9, 2014. After the court has reviewed the financial statement, it will enter an order specifying the details of the offset.

IT IS SO ORDERED.

Dated this __18th__ day of April 2014, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE